■ KELLIE BUCKENBERGER, Respondent, v C. CLARK CONSTRUCTION CORP. et al., Appellants. [618 NYS2d 392] —In an action

to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Yoswein, J.), dated March 17, 1993, which granted the plaintiff's motion to set aside a jury verdict finding the plaintiff 80% at fault in the happening of the accident and the defendant only 20% at fault, as against the weight of the evidence.

Ordered that the order is reversed, on the law, with costs, the plaintiff's motion is denied, and the verdict is reinstated.

It is well settled that a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence *(see, Nicastro v Park,* 113 AD2d 129, 134). Moreover, it is for the trier of fact to make determinations as to the credibility of the witnesses *(see, Delay v Rhinehart,* 176 AD2d 1211) and great deference is accorded to the fact-finders, who had the opportunity to see and hear the witnesses *(see, Salazar v Fisher,* 147 AD2d 470).

In this case, after hearing all the evidence and assessing the credibility of the various witnesses, the jury found the plaintiff 80% at fault for her injuries and the defendant 20% at fault. The Supreme Court set aside the verdict as against the weight of the evidence. We disagree.

The jury's verdict was based upon a fair interpretation of the evidence. The jury could have fairly determined that the plaintiff was intoxicated, and was busy putting on her gloves, and was therefore distracted, at the time she was struck by the defendant's vehicle. Further, there was evidence that the plaintiff wholly failed to see the defendant's vehicle, and stepped out from behind a parked van into the side of the defendant's passing vehicle, thereby creating the contact which caused her injuries. Accordingly, the jury's verdict should be reinstated. Pizzuto, J. P., Santucci, Hart and Goldstein, JJ., concur.