■ SCOTT H. SEE, JR., Appellant, v BALTIC ESTATES, INC., Respondent. (And a Third-Party Action.) (And Another Title.) [934 NYS2d 334]—

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493 [1978]; *Nicastro v Park*, 113 AD2d 129 [1985]). Here, the jury was presented with conflicting factual accounts of the manner in which the subject accident occurred, and its determination was supported by a fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]).

Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside so much of the verdict as was in favor of the defendant and against him on the issue of liability as contrary to the weight of the evidence and for a new trial. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.