— In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Nassau County (Feinman, J.), dated May 12, 2011, as, upon a jury verdict in favor of the defendants Miguel Velasquez and Bruno Specialty Foods, Inc., and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendants Miguel Velasquez and Bruno Specialty Foods, Inc., and against him dismissing the complaint insofar as asserted against those defendants.
Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs.
At approximately 10:00 a.m. on October 27, 2005, the plaintiff was driving his vehicle southbound on Hicksville Road in Bethpage. While waiting to make a left turn, his vehicle was hit in the rear by a vehicle operated by Vernon Porterfield, now deceased. The impact pushed the plaintiffs vehicle into the opposite lane of traffic and into the path of a truck operated by the defendant Miguel Velasquez and leased by his employer, the defendant Bruno Specialty Foods, Inc. The truck collided with the plaintiffs vehicle, pushing it back into the southbound lane where it struck the Porterfield vehicle. Thereafter, the plaintiff commenced this action and the case proceeded to a jury trial on the issue of liability. The jury determined that Porterfield was 100% at fault in the happening of the accident. In the judgment appealed from, the Supreme Court, inter alia, upon the denial of the plaintiffs motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence, dismissed the complaint insofar as asserted against Velasquez and Bruno Specialty Foods, Inc. The plaintiff appeals, and we affirm the judgment insofar as appealed from.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (see v Baltic Estates, Inc., 90 AD3d 737 [2011]; Nicastro v Park, 113 AD2d 129 [1985]). Here, the jury verdict was supported by a fair interpretation of the evidence (see v Baltic Estates, Inc., 90 AD3d 737 [2011]).
The plaintiffs remaining contentions are without merit. Dillon, J.P., Eng, Austin and Sgroi, JJ., concur.