In an action to recover damages for personal injuries, the defendant E. Peters, LLC, appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Baily-Schiffman, J.), dated January 18, 2012, as, upon a jury verdict finding that the negligence of the defendant E. Peters, LLC, was a substantial factor in causing injury to the plaintiff’s right ankle/foot, that the negligence of the defendant E. Peters, LLC, was not a substantial factor in causing injury to the plaintiffs lower back, right elbow, or left knee, and awarding the plaintiff the sums of $2 million for past pain and suffering, $2 million for past lost earnings and benefits, $1 million for past medical expenses, $0 for future pain and suffering, and $0 for future lost earnings and benefits, granted those branches of the plaintiffs motion which were pursuant to CPLR 4404 to set aside the jury verdict on the issues of causation and future damages and for a new trial on those issues.
*829 Ordered that the order is modified, on the facts, by deleting the provision thereof granting that branch of the plaintiffs motion which was pursuant to CPLR 4404 to set aside the jury verdict on the issue of causation and for a- new trial on that issue, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of past and future damages sustained by reason of the injury to the plaintiffs right ankle/foot.
The plaintiff fell 12 feet from a ladder while working as an electrician’s helper on premises owned by the defendant E. Peters, LLC (hereinafter Peters). On a prior appeal, this Court affirmed the Supreme Court’s award of summary judgment on the issue of liability to the plaintiff on the cause of action alleging a violation of Labor Law § 240 (1) (see Crooks v E. Peters, LLC, 60 AD3d 717 [2009]). Thereafter, a jury trial on the issues of causation and damages was held. The jury found that the accident was a substantial factor in causing the plaintiffs right ankle/foot injury, but was not a substantial factor in causing injury to his lower back, right elbow, or left knee. The jury awarded the sums of $2 million for past pain and suffering, $2 million for past lost earnings and benefits, and $1 million for past medical expenses, but made no award for future damages.
The plaintiff moved pursuant to CPLR 4404 to set aside the verdict on the ground that it was the result of juror confusion and impermissible compromise and contrary to the weight of the evidence. The plaintiff sought, inter alia, a new trial on the issues of causation and damages. The Supreme Court granted those branches of the plaintiffs motion and directed a new trial on the issues of causation and damages. On appeal, Peters contends that the Supreme Court erred in granting those branches of the plaintiffs motion which were to set aside the jury verdict on the issues of causation and future damages and for a new trial on those issues.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983 [2012]; Nicastro v Park, 113 AD2d 129, 134 [1985]). “It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855 [2007]; see Lopreiato v Scotti, 101 AD3d 829 [2012]).
*830 Here, the jury’s determination on the issue of causation— that the accident was a substantial factor in causing the plaintiff s right ankle/foot injury, but was not a substantial factor in causing injuries to his lower back, right elbow, or left knee—was supported by a fair interpretation of the evidence and, thus, was not contrary to the weight of the evidence. Furthermore, the record does not reflect any confusion on the jury’s part with respect to that issue (see Martinez v Te, 75 AD3d 1, 6-7 [2010]). Accordingly, the Supreme Court erred in granting that branch of the plaintiffs motion which was pursuant to CPLR 4404 to set aside the jury verdict on the issue of causation and for a new trial on that issue.
However, contrary to Peters’s contention, the Supreme Court properly determined that the jury verdict on the issue of future damages was the result of juror confusion and/or impermissible compromise (see Zimnoch v Bridge View Palace, LLC, 69 AD3d 928, 930 [2010]). Accordingly, the court properly granted a new trial with respect to that issue. In light of the foregoing and since the propriety of the Supreme Court’s setting aside of the jury verdict on the issue of past damages is not at issue on this appeal, the matter must be remitted to the Supreme Court, Kings County, for a new trial on the issue of past and future damages sustained by reason of the injury to the plaintiff’s right ankle/foot.
In light of our determination, we need not reach the parties’ remaining contentions. Rivera, J.P., Hall, Roman and Miller, JJ., concur.