■ GUISEPPE DiDONNA, Respondent, v ANNE P. HOUCK et al., Appellants. [974 NYS2d 550]—

In an action to recover damages for personal injuries, the

defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered August 1, 2012, as granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside, as contrary to the weight of the evidence, a jury verdict finding the plaintiff 60% at fault in the happening of the accident and the defendants 40% at fault, and for a new trial, and directed a new trial on the issue of liability unless the parties stipulated to a finding that the plaintiff was 5% at fault in the happening of the accident and the defendants were 95% at fault.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff, a pedestrian, was struck while he was crossing the street, within a crosswalk, by a vehicle driven by the defendant Anne P. Houck. After a trial on the issue of liability, the jury rendered a verdict finding that the plaintiff was 60% at fault in the happening of the accident and that the defendants were 40% at fault. The Supreme Court thereafter granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, and directed a new trial on the issue of liability unless the parties stipulated to a finding that the plaintiff was 5% at fault in the happening of the accident and that the defendants were 95% at fault.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Crooks v E. Peters, LLC*, 103 AD3d 828 [2013]; *Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]).

Pursuant to Vehicle and Traffic Law § 1112, a pedestrian who proceeds across a roadway in the direction of a steady "walk" signal must be given the right of way by traffic. Additionally, a pedestrian who proceeds into a roadway with a "walk" signal, but only partially completes his or her crossing on the "walk" signal, may proceed to a sidewalk on the flashing or steady "don't walk" signal (*see* Vehicle and Traffic Law § 1112 [b], [c]). Here, the plaintiff testified that he began crossing the street with a "walk" signal, and that he was at least halfway across the street when he was struck by the defendants' vehicle, which, immediately before striking him, had been stopped at a red light. There was no evidence submitted to contradict the plaintiff's assertion that he began crossing the street with a "walk" signal. Further, contrary to the defendants' contention, there was no evidence that the plaintiff was crossing the street

anywhere but within the crosswalk. On the other hand, the evidence demonstrated that the defendant Anne P. Houck failed to exercise due care to avoid colliding with the plaintiff (*see* Vehicle and Traffic Law § 1146).

Accordingly, as the Supreme Court correctly concluded, no fair interpretation of the evidence supported the jury's finding that the plaintiff was 60% at fault in the happening of the accident while the defendants were 40% at fault, and the jury's apportionment of liability was, therefore, contrary to the weight of the evidence. The Supreme Court therefore properly granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, and directed a new trial on the issue of liability unless the parties stipulated to a finding that the plaintiff was 5% at fault in the happening of the accident and that the defendants were 95% at fault. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.