██ Vito Scalogna, Respondent, v Kurshum Osipov et al., Appellants. [987 NYS2d 395]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Steinhardt, J.), entered September 21, 2012, which granted the plaintiff's motion, in effect, pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of them on the issue of liability as contrary to the weight of the evidence and for a new trial.

Ordered that the order is reversed, on the law and the facts, with costs, the plaintiff's motion is denied, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment.

This appeal arises out of a two-car accident that occurred on December 7, 2010, between a vehicle operated by the defendant Kurshum Osipov and owned by the defendant Horton Transport II, Inc., and another vehicle operated by the plaintiff, at the

intersection of Oceanview Avenue and Brighton 13th Street, in Brooklyn. The parties agree that the accident occurred between 7:00 p.m. and 8:00 p.m. and that it was dark at the time.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Crooks v E. Peters, LLC*, 103 AD3d 828, 829 [2013]; *Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]; *Buckenberger v Clark Constr. Corp.*, 208 AD2d 790, 791 [1994]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Sokolik v Pateman*, 114 AD3d 839 [2014]). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (*Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615, 616 [2008]; *see Cinao v Reers*, 109 AD3d 781, 782 [2013]; *Johnson v Yue Yu Chen*, 104 AD3d 915, 915 [2013]; *Liounis v New York City Tr. Auth.*, 92 AD3d 643, 644 [2012]). It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (*see Crooks v E. Peters, LLC*, 103 AD3d at 829; *Lopreiato v Scotti*, 101 AD3d 829 [2012]; *Buckenberger v Clark Constr. Corp.*, 208 AD2d at 791; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). A jury may believe or disbelieve the testimony of a witness, or believe portions of the testimony and disbelieve others (*see Wasserman v Wong*, 181 AD2d 672, 674 [1992]). Indeed, the jury is free to accept or reject some or all of the parties' testimony and weigh any conflicting inferences (*see Pena v Automatic Data Processing, Inc.*, 105 AD3d 924, 925 [2013]; *Johnny's Plumbing & Heating, Inc. v Garson Bros. Constr., LLC*, 63 AD3d 689 [2009]).

Here, the plaintiff and Osipov gave conflicting factual accounts of the manner in which the subject accident occurred. Contrary to the plaintiff's contention, the jury was free to credit Osipov's version of events over that of the plaintiff's version. According to Osipov, prior to entering the intersection of Oceanview Avenue and Brighton 13th Street, he stopped at the stop sign on Brighton 13th Street and looked to his left for oncoming traffic on Oceanview Avenue, which was a one-way street. He noted that, when looking left down Oceanview Avenue, he could only see one block to Brighton 14th Street because

Oceanview Avenue, in that direction, curved out of view beyond Brighton 14th Street. After stopping for approximately three seconds and verifying that there was no oncoming traffic from his left, he moved slowly into the intersection. When he was more than halfway through the intersection, he heard a loud noise to his left, like the sound of a roaring engine, and when he looked to his left he noticed a vehicle coming toward him on Oceanview Avenue, with its lights off, traveling at a very high rate of speed. He testified that he was unable to avoid the impact, which occurred when the front of the plaintiff's vehicle collided with the front quarter panel of the driver's side of his vehicle and caused his vehicle to be pushed through the intersection and into a parked car. He recalled that the plaintiff's vehicle, after striking his vehicle, went through the intersection, onto the sidewalk, and struck a building. Based on Osipov's version of the events, the jury could have concluded that Osipov was not negligent in the happening of the accident. Since the verdict can be reconciled with a reasonable view of the evidence, the defendants were entitled to the presumption that the jury adopted that view.

Therefore, the Supreme Court erred in granting the plaintiff's motion to set aside the jury verdict on the ground that it was contrary to the weight of the evidence. Balkin, J.P., Dickerson, Chambers and Hall, JJ., concur.