■ FERNANDO COSTA, Appellant, v BYRON LOPEZ, Respondent.

[990 NYS2d 878]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Ritholtz, J.), entered June 27, 2013, which, upon a jury verdict in favor of the defendant and against him on the issue of liability, and upon the denial of his motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendant and against him.

Ordered that the judgment is affirmed, with costs.

On November 9, 2008, the plaintiff was riding his bicycle eastbound on Caldwell Avenue in Queens, a one-way street where traffic proceeds westbound. At the intersection of Caldwell Avenue and 69th Lane, a livery taxi operated by the defendant, which was traveling northbound on 69th Lane, allegedly struck the plaintiff, causing him to sustain injuries.

After a jury trial on the issue of liability, the jury determined that the defendant was not negligent. The Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence (see See v Baltic Estates, Inc., 90 AD3d 737, 738 [2011]; Nicastro v Park, 113 AD2d 129 [1985]). Here, the jury was presented with conflicting accounts of the manner in which the subject accident occurred. "Where [as here] the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Johnson v Yue Yu Chen, 104 AD3d 915, 916 [2013]).

Since the jury verdict was supported by a fair interpretation of the evidence, there is no basis to disturb it (see See v Baltic Estates, Inc., 90 AD3d at 738). Dillon, J.P., Chambers, Hall and Maltese, JJ., concur.