■ AMANDA T. RAMIREZ, Respondent-Appellant, v ANTHONY MEZZACAPPA et al., Appellants-Respondents. [994 NYS2d 627]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order and interlocutory judgment (one paper) of the Supreme Court, Kings County (Schack, J.), dated February 22, 2013, as, upon a jury verdict on the issue of liability finding that they were not at fault in the happening of the accident, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of whether the defendants were at fault in the happening of the accident, thereupon determined that the defendants had violated Vehicle and Traffic Law §§ 1123 (b) and 1129 (a), and directed a new trial on the issues of proximate cause and comparative negligence, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order and interlocutory judgment as denied that branch of her motion which was, in effect, for judgment as a matter of law on the issues of proximate cause and comparative negligence.

Ordered that the order and interlocutory judgment is modified, on the law, (1) by adding to the second line of the decretal paragraph thereof, following the words "to set aside the verdict," the words "as contrary to the weight of the evidence and for a new trial," and (2) by deleting the remainder of the decretal paragraph, and substituting therefor a provision denying that branch of the plaintiff's motion which was for judgment as a matter of law on the issue of whether the defendants were at fault in the happening of the accident; as so modified,

the order and interlocutory judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial in accordance herewith.

On the night of November 10, 2009, the plaintiff and the defendant Anthony Mezzacappa (hereinafter Anthony; hereinafter together with the defendant owner Michael Mezzacappa, the defendants), were operating vehicles on Forest Hill Road in Staten Island. The defendants' vehicle was traveling behind the plaintiff's vehicle. At some point prior to reaching the intersection with Richmond Avenue, Anthony moved his vehicle to the right of the plaintiff's vehicle, intending to go straight. The defendants' vehicle allegedly came into contact with the plaintiff's vehicle as the plaintiff attempted to make a right turn into a store parking lot. At a trial on the issue of liability, the plaintiff testified that in the area where the accident occurred, Forest Hill Road consisted of only one lane of travel in each direction. Anthony testified that in the area where the accident occurred, Forest Hill Road had two lanes of travel in his direction, and that he was situated in the right lane. The police accident report, which was admitted into evidence, contained a notation that "[t]here was only one lane on Forest Hill Road." The plaintiff further testified that as she approached the subject parking lot, she looked in her rearview mirror and saw headlights behind her vehicle and slightly to the right of it.

The jury returned a verdict finding that the defendants were not at fault in the happening of the accident. The plaintiff moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for judgment as a matter of law or, alternatively, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court, in effect, granted that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law on the issue of whether the defendants were at fault in the happening of the accident, thereupon determined that Anthony had violated Vehicle and Traffic Law §§ 1123 (b) and 1129 (a), and directed a new trial on the issues of proximate cause and comparative negligence. The Supreme Court denied that branch of the plaintiff's motion which was, in effect, for judgment as a matter of law on the issues of proximate cause and comparative negligence.

CPLR 4404 (a) provides, in relevant part, that "[a]fter a trial of a cause of action or issue triable of right by a jury, upon the motion of any party or on its own initiative, the court may set

aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence" (CPLR 4404 [a]). The Court of Appeals has recognized that the setting aside of a jury verdict as a matter of law and the setting aside of a jury verdict as contrary to the weight of the evidence involve two inquiries and two different standards (*see Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]). For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it must find that there is "simply no valid line of reasoning and permissible inferences which could possibly lead . . . to the conclusion reached by the jury on the basis of the evidence presented at trial" (*id.* at 499). However, "[w]hether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Scalogna v Osipov*, 117 AD3d 934, 935 [2014]). " 'When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view' " (*Scalogna v Osipov*, 117 AD3d at 935, quoting *Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615, 616 [2008]). "A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict on any fair interpretation of the evidence" (*Costa v Lopez*, 120 AD3d 607, 607 [2014]; *see Echeverria v MTA Long Is. Bus Auth.*, 100 AD3d 588, 589 [2012]). Thus, rationality is the touchstone for legal sufficiency, while fair interpretation is the criterion for weight of the evidence (*see Nicastro v Park*, 113 AD2d 129, 135 [1985]). Where a court makes a finding that a jury verdict is not supported by sufficient evidence, it "leads to a directed verdict terminating the action without resubmission of the case to a jury" (*id.* at 132). Where a court finds that a jury verdict is against the weight of the evidence, it grants a new trial (*see id.*).

Applying these standards here, we conclude that the Supreme Court erred in setting aside the verdict as legally insufficient and then making its own factual findings as to Anthony's fault in the happening of the accident. The jury was presented with evidence that both the plaintiff and the defendant may have been at fault in the happening of the accident. Thus, the Supreme Court should have set aside the verdict as contrary to the weight of the evidence and granted a new trial, as the jury could not have found the defendants free from negligence on any fair interpretation of the evidence (*see id.* at 134; *Rebay v Tormey*, 2 AD3d 826 [2003]).

The parties' remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Balkin, Cohen and Barros, JJ., concur.