■ Augusto Figueroa, Appellant, v Andrew Mandel, Respondent. [26 NYS3d 20]—

Judgment, Supreme Court, New York County (Frank P. Nervo, J.), entered April 1, 2014, upon a jury verdict finding in favor of defendant, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered September 5, 2014, which denied plaintiff's posttrial motion to, inter alia, set aside the jury's verdict as against the weight of the evidence, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

On September 29, 2006, plaintiff, Augusto Figueroa, was allegedly injured when he and defendant Andrew Mandel were involved in an accident at the intersection of Weeks Avenue and the Cross Bronx Expressway.

Defendant's approach on the Cross Bronx Expressway was

controlled by a stop sign, while plaintiff's was not. At trial, defendant testified that he stopped his vehicle for 5 or 10 seconds, looked both ways with his view unobstructed, saw no approaching vehicles, entered the intersection, but struck plaintiff's vehicle, which he did not see until the "very last second." The jury found that the defendant was not negligent in entering the intersection and striking plaintiff's vehicle.

Under the circumstances of this case, it cannot be said that the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). The jury, which had the opportunity to see and hear the witnesses and assess their credibility (*see Soto v New York City Tr. Auth.*, 6 NY3d 487, 493 [2006]), was entitled to evaluate plaintiff's testimony, reject it, and credit defendant's testimony in full, in reaching its verdict in favor of defendant (*see Scalogna v Osipov*, 117 AD3d 934 [2d Dept 2014]; *Rose v Conte*, 107 AD3d 481, 482 [1st Dept 2013]). Concur—Mazzarelli, J.P., Friedman, Sweeny and Manzanet-Daniels, JJ.