■ TANZA KIRKLAND et al., Appellants, v RANCHERS BEST WHOLESALE MEATS, INC., et al., Respondents. [60 NYS3d 189]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Dollard, J.), dated August 12, 2015, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of their motion, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against them, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

This action arises out of a collision that occurred on December 16, 2011, on Nicholas Avenue in Staten Island, between a box truck operated by the defendant Jose Carrera, an employee of the defendant Ranchers Best Wholesale Meats, Inc., and a vehicle operated by the plaintiff Tanza Kirkland.

At the trial on the issue of liability, Kirkland testified that Carrera backed into her vehicle. While Carrera did not dispute that he had been backing up prior to the accident, he testified that, upon seeing Kirkland's vehicle approaching in his right side-view mirror, he brought his truck to a full stop in anticipation of Kirkland passing him, and Kirkland caused the accident by attempting to drive around his stopped truck.

The jury found that Carrera was not negligent, and the plaintiffs moved, in effect, pursuant to CPLR 4404 (a) to set aside the jury verdict. The Supreme Court denied the motion and entered judgment in favor of the defendants and against the plaintiffs, in effect, dismissing the complaint. The plaintiffs appeal, contending that the verdict should be set aside and either a directed verdict should be entered in their favor or the matter should be remitted for a new trial on the ground that the verdict is contrary to the weight of the evidence.

"[T]he setting aside of a jury verdict as a matter of law and the setting aside of a jury verdict as contrary to the weight of the evidence involve two inquiries and two different standards" (*Ramirez v Mezzacappa*, 121 AD3d 770, 772 [2014], citing *Cohen v Hallmark Cards*, 45 NY2d 493, 498 [1978]). In order to find that a jury verdict is not supported by sufficient evidence as a matter of law, there must be "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of

the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d at 499). By contrast, "[t]he criteria for setting aside a jury verdict as against the weight of the evidence are necessarily less stringent" (*Nicastro v Park*, 113 AD2d 129, 132-133 [1985]). Thus, "[a] jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Cedeno v McNulty*, 39 AD3d 683, 683 [2007]; *see Wilson v County of Westchester*, 148 AD3d 1091, 1091 [2017]; *Scalogna v Osipov*, 117 AD3d 934, 935 [2014]). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Scalogna v Osipov*, 117 AD3d at 935).

"[I]n reviewing the whole trial to ascertain whether the conclusion was a fair reflection of the evidence, great deference must be given to the fact-finding function of the jury" (*Nicastro v Park*, 113 AD2d at 136). It is within the jury's province to make credibility determinations, and to accept or reject some or all of the parties' testimony and weigh any conflicting inferences (*see Wilson v County of Westchester*, 148 AD3d at 1091; *Scalogna v Osipov*, 117 AD3d at 935).

Applying these principles here, contrary to the plaintiffs' contention, there is no basis to overturn the jury's verdict. Viewing the evidence in the light most favorable to the defendants (*see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Hammond v Diaz*, 82 AD3d 839, 840 [2011]), we conclude that a valid line of reasoning and permissible inferences could lead rational people to the conclusion reached by the jury herein. Moreover, based on the evidence submitted to the jury, its determination that Carrera was not negligent in the happening of the accident is supported by a fair interpretation of the evidence (*see Cedeno v McNulty*, 39 AD3d at 683; *Nicastro v Park*, 113 AD2d at 134).

Accordingly, the judgment must be affirmed. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur.