Torres v Werner Bus Lines, Inc. (2018 NY Slip Op 00483)





Torres v Werner Bus Lines, Inc.


2018 NY Slip Op 00483


Decided on January 25, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 25, 2018

Manzanet-Daniels, J.P., Gische, Tom, Gesmer, Singh, JJ.


5527 161574/13

[*1]Guillermo Torres, Jr., Plaintiff-Appellant,
v
Werner Bus Lines, Inc., et al., Defendants-Respondents.


Kelner & Kelner, New York (Joshua D. Kelner of counsel), for appellant.
White Fleischner & Fino, LLP, New York (Deanna Hazen of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered August 4, 2017, which denied plaintiff's motion for partial summary judgment on the issue of liability, unanimously reversed, on the law, without costs, and the motion granted.
Plaintiff established his entitlement to partial summary judgment through his testimony that he was crossing the intersection within the crosswalk and with the light in his favor, when defendants' bus struck him while making a left turn (see Hines v New York City Tr. Auth., 112 AD3d 528, 529 [1st Dept 2013]). The testimony of defendant bus driver does not contradict plaintiff's testimony that he was in the crosswalk, since the driver did not see plaintiff until the moment of impact. The driver's observation of a white crossing signal before commencing his turn also does not contradict plaintiff's testimony that he started crossing with the light in his favor.
In opposition, defendants failed to raise a triable issue of fact as to plaintiff's comparative negligence. Defendants proffered no evidence that plaintiff was outside of the crosswalk. Their driver was "not sure" if the impact took place within the crosswalk, and the position of plaintiff's body after impact is "not probative as to whether she was walking in the cross[]walk prior to being struck" (see id.).
The court should not have considered the videotape footage defendants provided as defendants neither authenticated it nor even showed that it had any relevance to the accident at issue (see People v Price, 29 NY3d 472 [2017]). It indicates, at most, that it was raining. Even if it showed, as defendants claim, that the pedestrian cross signal changed as plaintiff was crossing, that would not help defendants, as plaintiff was permitted to proceed across the avenue, once he started crossing
with the signal in his favor (see Vehicle and Traffic Law § 1112 [b], [c]; DiDonna v Houck, 111 AD3d 662, 663 [2nd Dept 2013]).
The remainder of the videotape does not capture the accident so as to raise an issue of fact.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 25, 2018
CLERK