Agostino v L & M Bus Co. (2018 NY Slip Op 04297)





Agostino v L & M Bus Co.


2018 NY Slip Op 04297


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2015-12193
 (Index No. 20683/10)

[*1]Lawrence Agostino, et al., appellants, 
v
L & M Bus Company, respondent, et al., defendant.


Mallilo & Grossman, Flushing, NY (Francesco Pomara, Jr., of counsel), for appellants.
Melito & Adolfsen, P.C., New York, NY (Ignatius John Melito of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries and injury to property, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Janice A. Taylor, J.), entered October 27, 2015. The judgment, after a jury trial, is in favor of the defendants and against the plaintiffs dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries, alleging that on June 16, 2010, a vehicle driven by the plaintiff Lawrence Agostino, in which the plaintiff Richard Peborde was a passenger, was hit by a school bus owned by the defendant L & M Bus Company and operated by the defendant Ellen Belton. After a trial on the issue of liability, the jury was given a verdict sheet asking if the parties were involved in a rear-end collision on June 16, 2010, and answered "No," and a judgment was entered in favor of the defendants and against the plaintiffs dismissing the complaint. The plaintiffs appeal.
The plaintiffs contend that the verdict is contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Crooks v E. Peters, LLC, 103 AD3d 828; Verizon N.Y., Inc. v Orange & Rockland Utils., Inc., 100 AD3d 983; Buckenberger v Clark Constr. Corp., 208 AD2d 790, 791; Nicastro v Park, 113 AD2d 129, 134). It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (see Crooks v E. Peters, LLC, 103 AD3d at 828; Exarhouleas v Green 317 Madison, LLC, 46 AD3d 854, 855; Buckenberger v Clark Constr. Corp., 208 AD2d at 791). A jury may believe or disbelieve the testimony of a witness, or believe portions of the testimony and disbelieve others (see Wasserman v Wong, 181 AD2d 672). Indeed, the jury is free to accept or reject some or all of the parties' testimony and weigh any conflicting inferences [*2](see Pena v Automatic Data Processing, Inc., 105 AD3d 924; Johnny's Plumbing & Heating, Inc. v Garson Bros. Constr., LLC, 63 AD3d 689). In this case, a fair interpretation of the evidence supports the jury verdict in favor of the defendants finding that the alleged accident did not occur.
The plaintiffs' remaining contentions are either unpreserved for appellate review or without merit.
MASTRO, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court