Luna v 4300 Crescent, LLC (2019 NY Slip Op 05972)





Luna v 4300 Crescent, LLC


2019 NY Slip Op 05972


Decided on July 31, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2017-03828
 (Index No. 502334/12)

[*1]Hector Luna, appellant, et al., plaintiff,
v
4300 Crescent, LLC, et al., respondents.


Lurie, Ilchert, MacDonnell & Ryan, LLP (Profeta & Eisenstein, New York, NY [Fred R. Profeta, Jr.], of counsel), for appellant.
Kowalski & DeVito (McGaw, Alventosa & Zajac, Jericho, NY [Andrew Zajac], of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Hector Luna appeals from a judgment of the Supreme Court, Kings County (Arthur M. Schack, J.), entered April 13, 2017. The judgment, insofar as appealed from, upon a jury verdict in favor of the defendants on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1), and upon an order of the same court (Johnny Lee Baynes, J.) dated November 21, 2016, denying the plaintiffs' motion pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against the plaintiff Hector Luna, in effect, dismissing the cause of action alleging a violation of Labor Law § 240(1).
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff Hector Luna (hereinafter the injured plaintiff) was injured while attempting to move a mortar buggy down a ramp during the construction of a new building. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries, alleging, among other things, a violation of Labor Law § 240(1). A jury trial was held on the issue of liability on the Labor Law § 240(1) cause of action, and the jury returned a verdict in favor of the defendants. Thereafter, the plaintiffs moved to set aside the jury's verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial. The Supreme Court denied the motion, and a judgment was entered in favor of the defendants and against the injured plaintiff, in effect, inter alia, dismissing the Labor Law § 240(1) cause of action. The injured plaintiff appeals, contending that the jury's verdict was not supported by legally sufficient evidence or, in the alternative, was contrary to the weight of the evidence.
For a court to conclude as a matter of law that a jury verdict is not supported by legally sufficient evidence, "it is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (Cohen v Hallmark Cards, 45 NY2d 493, 499; see Killon v Parrotta, 28 NY3d 101, 108; Kirkland v Ranchers Best Wholesale [*2]Meats, Inc., 152 AD3d 656). The determination that a verdict is contrary to the weight of the evidence "is itself a factual determination based on the reviewing court's conclusion that the original trier of fact has incorrectly assessed the evidence" (Cohen v Hallmark Cards, 45 NY2d at 498). A jury verdict should not be set aside as contrary to the weight of the evidence unless it "could not have been reached on any fair interpretation of the evidence" (Lolik v Big V Supermarkets, 86 NY2d 744, 746 [internal quotation marks omitted]; see Killon v Parrotta, 28 NY3d at 107; Kirkland v Ranchers Best Wholesale Meats, Inc., 152 AD3d at 657; Wilson v County of Westchester, 148 AD3d 1091, 1091).
Labor Law § 240(1) provides: "All contractors . . . in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed." The purpose of the statute is to "protect construction workers not from routine workplace risks, but from the pronounced risks arising from construction work site elevation differentials" (Runner v New York Stock Exch., Inc., 13 NY3d 599, 603; see Simmons v City of New York, 165 AD3d 725, 726). Thus, liability under Labor Law § 240(1) may be imposed only where the harm "flows directly from the application of the force of gravity" (Runner v New York Stock Exch., Inc., 13 NY3d at 604).
Where an accident is caused by a violation of Labor Law § 240(1), the plaintiff's own negligence does not furnish a defense; however, there can be no liability under Labor Law § 240(1) where the plaintiff's own actions are the sole proximate cause of the accident (see Barreto v Metropolitan Transp. Auth., 25 NY3d 426, 433; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d 35, 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d 280, 290). In order to recover damages for a violation of Labor Law § 240(1), a plaintiff must establish that the statute was violated and that such violation was a proximate cause of the injury (see Barreto v Metropolitan Transp. Auth., 25 NY3d at 433; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 39; Blake v Neighborhood Hous. Servs. of N.Y. City, 1 NY3d at 287).
Here, there was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that the injured plaintiff's own conduct in attempting to move the mortar buggy without assistance, rather than any violation of Labor Law § 240(1), was the sole proximate cause of his alleged injuries (see Cohen v Hallmark Cards, 45 NY2d at 499; see also Valente v Lend Lease [US] Constr. LMB., Inc., 29 NY3d 1104, 1105; Robinson v East Med. Ctr., LP, 6 NY3d 550, 555; Cahill v Triborough Bridge & Tunnel Auth., 4 NY3d at 40; Brown v Concord Nurseries, Inc., 53 AD3d 1067, 1068). Moreover, as it cannot be said that the jury's verdict could not have been reached on any fair interpretation of the evidence, the verdict was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746; Kirkland v Ranchers Best Wholesale Meats, Inc., 152 AD3d at 657; Wilson v County of Westchester, 148 AD3d at 1091).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court