Baillargeon v Kings County Waterproofing Corp. (2020 NY Slip Op 00840)





Baillargeon v Kings County Waterproofing Corp.


2020 NY Slip Op 00840


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2016-10990
 (Index No. 50648/01)

[*1]Roger Baillargeon, et al., appellants, 
v
Kings County Waterproofing Corp., respondent, et al., defendants.


Ira M. Thomas, Cedarhurst, NY, for appellants.
James J. Toomey, Jr., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Wavny Toussaint, J.), dated September 7, 2016. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendant Kings County Waterproofing Corp. and against the plaintiffs, in effect, dismissing the complaint insofar as asserted against that defendant.
ORDERED that the judgment is affirmed, with costs.
On March 15, 1999, the plaintiff Roger Baillargeon (hereinafter the injured plaintiff), a carpenter employed by the Jacob Javits Convention Center (hereinafter the Javits Center), allegedly was injured when he slipped and fell on a wet floor while installing a carpet in the Crystal Palace section of the Javits Center. The injured plaintiff, and his wife suing derivatively, commenced this action, inter alia, to recover damages for personal injuries, alleging that, prior to the accident, the defendants had been hired by the Javits Center to repair a recurrent leaking condition of the glass roof, and that the accident occurred as a result of their negligence in repairing the roof in the area above where the injured plaintiff fell. After settling with certain defendants, the plaintiffs proceeded to trial on the issue of liability against the defendant Kings County Waterproofing Corp. (hereinafter the defendant). The jury returned a verdict in favor of the defendant and against the plaintiffs. The jury found that there was an unsafe water condition on the floor of the Crystal Palace which caused the injured plaintiff to slip and fall, but that the defendant was not negligent in creating or exacerbating the unsafe water condition by its remediation work. The plaintiffs appeal from the judgment entered upon the verdict, in effect, dismissing the complaint insofar as asserted against the defendant.
Contrary to the plaintiffs' contention, the jury verdict in favor of the defendant on the issue of liability was not contrary to the weight of the evidence. "A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (Scarpulla v Williams, 147 AD3d 1101, 1102; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see [*2]Scalogna v Osipov, 117 AD3d 934, 935). "[I]n reviewing the whole trial to ascertain whether the conclusion was a fair reflection of the evidence, great deference must be given to the fact-finding function of the jury" (Nicastro v Park, 113 AD2d 129, 136). It is within the jury's province to make credibility determinations, and to accept or reject some or all of a witness's testimony and weigh any conflicting inferences (see Wilson v County of Westchester, 148 AD3d 1091, 1091; Scalogna v Osipov, 117 AD3d at 935). Here, the jury's verdict was based on a fair interpretation of the evidence, and the verdict in favor of the defendant will not be disturbed.
A review of the record does not demonstrate that the court was biased or that other conduct of the court deprived the plaintiffs of a fair trial (see Jackson v Montefiore Med. Ctr., 109 AD3d 762, 763; Peralta v Grenadier Realty Corp., 84 AD3d 486, 487).
The plaintiffs' remaining contentions are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court