Pineda v Cheng Jian Zhang (2021 NY Slip Op 50025(U))

[*1]

Pineda v Cheng Jian Zhang

2021 NY Slip Op 50025(U) [70 Misc 3d 134(A)]

Decided on January 15, 2021

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on January 15, 2021
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., DAVID ELLIOT, WAVNY TOUSSAINT, JJ

2016-2616 Q C

Maria Pineda, Respondent, 
against
Cheng Jian Zhang, Appellant. 

O'Connor, O'Connor, Hintz & Deveney, LLP (Ira E. Goldstein of counsel), for appellant.
Law Offices of Michael A. Cervini, P.C. (Michael A. Cervini of counsel), for respondent (no
brief filed).

Appeal from an order of the Civil Court of the City of New York, Queens County (Larry
Love, J.), entered September 29, 2016. The order granted plaintiff's motion to set aside the jury
verdict dismissing the complaint and ordered a new trial.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries she sustained as a result of a
motor vehicle accident that occurred on December 27, 2009. The vehicle plaintiff was driving
was rear-ended by defendant's vehicle, and plaintiff's vehicle was deemed a total loss. Plaintiff's
motion for summary judgment on liability was granted and a jury trial on damages ensued. 
At the trial, plaintiff testified that she was told at the hospital that she suffered from whiplash
as a result of the accident. The MRI of plaintiff taken in February of 2010, six weeks after the
accident, revealed that she had a herniated disc. A subsequent MRI taken of plaintiff revealed
that her continued pain was caused by the herniated disc penetrating a nerve. As a result, plaintiff
underwent fusion surgery in 2015. Plaintiff further testified that she had no injury to her neck
prior to the accident. Plaintiff's experts, who had examined plaintiff and who, prior to trial,
reviewed plaintiff's MRIs, concluded that plaintiff had decreased range of motion and that
plaintiff's herniation which led her to undergo surgery was causally related to the subject accident
in 2009. Defendant's sole expert witness testified that, based on his examination of plaintiff and
of her medical records, it was his opinion that plaintiff's herniation was degenerative in nature.
Defendant's expert admitted that he had not reviewed plaintiff's first MRI prior to his [*2]reviewing it at trial. The jury was charged pursuant to the Pattern
Jury Instructions on serious injury and returned a verdict finding that plaintiff had not sustained a
serious injury as a result of the accident. Plaintiff's motion setting aside the verdict pursuant to
CPLR 4404 was thereafter granted and a new trial was ordered. Defendant appeals.
With respect to plaintiff's challenge to the jury charge, we note that there is no indication in
the record that plaintiff preserved this issue for appellate review, as she did not submit any
minutes in support of her motion (see CPLR 4401-b; Barry v Manglass, 55 NY2d
803 [1981]). In any event, insofar as the Civil Court's jury charge mirrored the Pattern Jury
Instructions, they were proper.
CPLR 4404 (a) provides, in relevant part, that "[a]fter a trial of a cause of action or issue
triable of right by a jury, upon the motion of any party or on its own initiative, the court may set
aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a
party entitled to judgment as a matter of law or it may order a new trial of a cause of action or
separable issue where the verdict is contrary to the weight of the evidence." "Whether a jury
verdict should be set aside as contrary to the weight of the evidence does not involve a question
of law, but rather requires a discretionary balancing of many factors" (Scalogna v Osipov,
117 AD3d 934, 935 [2014]). When a verdict can be reconciled with a reasonable view of the
evidence, the successful party is entitled to the presumption that the jury adopted that view
(see id.; Handwerker v Dominick L. Cervi, Inc., 57 AD3d 615 [2008]). "A jury
verdict should not be set aside as contrary to the weight of the evidence unless the jury could not
have reached the verdict on any fair interpretation of the evidence" (Costa v Lopez, 120
AD3d 607, 607 [2014]; see Echeverria v MTA Long Is. Bus Auth., 100 AD3d 588
[2012]; Nicastro v Park, 113 AD2d 129 [1985]). Where a court finds that a jury verdict is
against the weight of the evidence, it grants a new trial.
Here, viewing the evidence in the light most favorable to defendant (see Hamilton v
Rouse, 46 AD3d 514 [2007]), no fair interpretation of the evidence supports a finding that
plaintiff's injuries and subsequent surgery were not causally related to the subject automobile
accident (see Monzon v Porter, 173 AD3d 1779 [2019]). There was no evidence
presented that plaintiff suffered any other injury prior or subsequent to the accident. Moreover,
both of plaintiff's experts testified that they examined plaintiff and reviewed both of the MRIs
taken of plaintiff's cervical spine before they concluded that the subject accident was the cause of
her injuries. Defendant's expert arrived at his conclusion of lack of causality prior to reviewing at
trial plaintiff's first MRI, taken six weeks after the accident, and he had never reviewed the
second MRI of plaintiff's cervical spine, rendering his opinion pure supposition.
Thus, the Civil Court providently exercised its discretion in granting plaintiff's motion
pursuant to CPLR 4404 and ordering a new trial.
Accordingly, the order is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
Decision Date: January 15, 2021