Barbosa v Motor Veh. Acc. Indem. Corp. (2023 NY Slip Op 51405(U))

[*1]

Barbosa v Motor Veh. Acc. Indem. Corp.

2023 NY Slip Op 51405(U)

Decided on December 14, 2023

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 14, 2023
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : ELIZABETH H. EMERSON, J.P., JERRY GARGUILO, TIMOTHY S. DRISCOLL, JJ

2023-438 S C

Angel Barbosa, Appellant,
against
Motor Vehicle Accident Indemnification Corporation, Respondent. 

Kujawski & Kujawski, Esqs. (Jennifer A. Spellman of counsel), for appellant.
Kornfeld, Rew, Newman & Simeone (William S. Badura of counsel), for respondent.

Appeal from an order of the Suffolk County Court (James F. Matthews, J.), entered January 25, 2021. The order denied plaintiff's motion, pursuant to CPLR 4404 (a), to set aside a jury verdict in favor of defendant as against the weight of the evidence.

ORDERED that the order is affirmed, without costs.
Plaintiff commenced this action to recover for personal injuries allegedly sustained as a result of a hit-and-run accident. At a jury trial on the issue of liability, plaintiff, an in-line skater, testified that he was struck by an unidentified motor vehicle as he was skating uphill around a right-hand curve of the street. Plaintiff initially testified that the front of the vehicle struck the back of his legs, but, on cross-examination, he admitted that he had only told the police on the day of the accident that the vehicle's side mirror came into contact with him. Defendant presented no evidence at trial.
At the close of the evidence, plaintiff moved, pursuant to CPLR 4401, for a directed verdict on the issue of liability, and the court reserved decision. After the jury returned a verdict in favor of defendant, finding that plaintiff had not even been struck by a motor vehicle, plaintiff moved, pursuant to CPLR 4404 (a), to set aside the jury verdict as contrary to the weight of the evidence. On December 22, 2015, the County Court issued an oral order which granted plaintiff's CPLR 4401 motion for a directed verdict on the issue of liability, set aside the jury verdict, and, in effect, denied, as moot, plaintiff's CPLR 4404 (a) motion. An interlocutory judgment was entered pursuant to the oral order dated December 22, 2015; defendant appealed that order, which appeal, on this court's own motion, was deemed an appeal from the interlocutory judgment.
By decision and order dated May 9, 2019 (Barbosa v Motor Veh. Acc. Indem. Corp., 63 Misc 3d 148[A], 2019 NY Slip Op 50723[U], *2 [App Term, 2d Dept, 9th & 10th Jud Dists [*2]2019]), this court reversed the interlocutory judgment, vacated the oral order dated December 22, 2015, and denied plaintiff's CPLR 4401 motion for a directed verdict on the issue of liability on the ground that there were "issues as to whether plaintiff had exercised reasonable care under the circumstances and whether he had been free from comparative fault." The matter was remitted to the Suffolk County Court for a determination on the merits of plaintiff's CPLR 4404 (a) motion. Upon remittal, by order entered January 25, 2021, the County Court (James F. Matthews, J.) denied plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict as against the weight of the evidence.
"A jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence" (Rosenberg v Hanasab, 215 AD3d 990, 990 [2023] [internal quotation marks and alterations omitted]; see CPLR 4404 [a]; Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]). "When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Grivas v MTA Bus Co., 205 AD3d 776, 777 [2022]; see Scalogna v Osipov, 117 AD3d 934, 935 [2014]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (Grivas v MTA Bus Co., 205 AD3d at 777 [internal quotation marks omitted]; see Scalogna v Osipov, 117 AD3d at 935).
Here, a fair interpretation of the evidence supports the jury's conclusion that plaintiff was not struck by a vehicle, since plaintiff provided conflicting testimony as to how the accident occurred, and there were no other witnesses. As the jury's credibility findings are entitled to substantial deference, the County Court properly denied plaintiff's motion to set aside the jury verdict.
Accordingly, the order is affirmed.
EMERSON, J.P., GARGUILO and DRISCOLL, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 14, 2023