Bristow v Zhong Ying Li (2025 NY Slip Op 04152)

Bristow v Zhong Ying Li

2025 NY Slip Op 04152

Decided on July 16, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 16, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2024-10147
 (Index No. 723322/23)

[*1]Thomas Bristow, appellant, 
v
Zhong Ying Li, et al., respondents.

Gjoni Law, P.C., New York, NY (Gencian Gjoni of counsel), for appellant.
Martyn, Smith, Murray & Yong, Hauppauge, NY (Shahid Mumtaz and David Smith of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered June 27, 2024. The order denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
ORDERED that the order is affirmed, with costs.
On July 29, 2022, the plaintiff allegedly was injured when the truck that he was driving collided with a passenger vehicle operated by the defendant Victor Lam and owned by the defendant Zhong Ying Li on the service road of the Whitestone Expressway in Queens. The accident occurred when Lam attempted to overtake the plaintiff on the right side as the plaintiff, who was traveling ahead of Lam, attempted to make a right turn from the service road into a driveway. Thereafter, the plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants interposed an answer, asserting, inter alia, an affirmative defense alleging comparative negligence. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence. In an order entered June 27, 2024, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"'A plaintiff in a negligence action moving for summary judgment on the issue of liability must establish, prima facie, that the defendant breached a duty owed to the plaintiff and that the defendant's negligence was a proximate cause of the alleged injuries'" (Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d 885, 886, quoting Shanyou Liu v Joerg, 223 AD3d 762, 763; see Rodriguez v City of New York, 31 NY3d 312, 317-325). "To be entitled to partial summary judgment a plaintiff does not bear the . . . burden of establishing . . . the absence of his or her own comparative fault" (Rodriguez v City of New York, 31 NY3d at 324-325; see Jaipaulsingh v Umana, 208 AD3d 765, 766). However, "'[e]ven though a plaintiff is not required to establish his or her freedom from comparative negligence to be entitled to summary judgment on the issue of liability, the issue of a plaintiff's comparative negligence may be decided in the context of a summary judgment motion where the plaintiff moves for summary judgment dismissing a defendant's affirmative defense alleging comparative negligence'" (Shanyou Liu v Joerg, 223 AD3d at 763, quoting Sapienza v Harrison, 191 AD3d 1028, 1029; see Tsering v Fifth Ave. Foods, LLC, 236 [*2]AD3d 703, 704).
Here, the plaintiff established his prima facie entitlement to judgment as a matter of law on the issue of liability by submitting, inter alia, his own affidavit, which demonstrated that Lam violated Vehicle and Traffic Law § 1123 by attempting to pass the plaintiff on the right at a time when it was unsafe to do so (see Rodriguez v City of New York, 31 NY3d at 324-325; Mack v Harley, 165 AD3d 641, 642). The plaintiff's affidavit was also sufficient to establish, prima facie, that he was not at fault in the happening of the accident (see Singleton v Summus, 219 AD3d 1366, 1367).
However, in opposition to the plaintiff's prima facie showing, the defendants raised a triable issue of fact as to whether Lam violated Vehicle and Traffic Law § 1123 (see Mack v Harley, 165 AD3d at 642; Ramirez v Mezzacappa, 121 AD3d 770, 770-771), and whether the plaintiff was comparatively negligent in the happening of the accident (see Ramirez v Mezzacappa, 121 AD3d at 770-771). The assertions made in Lam's affirmation, if credited, would support a finding that Lam attempted to pass the plaintiff on the right in a manner permitted by Vehicle and Traffic Law § 1123, and that the plaintiff engaged in negligent conduct that was a substantial factor in causing the accident (see Tucubal v National Express Tr. Corp., 209 AD3d 788, 788-790).
Accordingly, the Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' affirmative defense alleging comparative negligence.
The parties' remaining contentions are either not properly before this Court or without merit.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court