332

■ FANNY CONDOR et al., Respondents, v CITY OF NEW YORK, Appellant. [738 NYS2d 587] —In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Hall, J.), entered October 23, 2000, which, upon a jury verdict awarding the plaintiff Fanny Condor damages for past pain and suffering in the sum of $75,000 and damages for future pain and suffering in the sum of $300,000, is in favor of the plaintiffs and against it.

Ordered that the judgment is modified by deleting the provision thereof awarding the plaintiff Fanny Condor damages for future pain and suffering, and a new trial is granted on the issue of damages for future pain and suffering; as so modified, the judgment is affirmed, with costs to the defendant, unless within 30 days after service upon the plaintiff Fanny Condor of a copy of this decision and order she shall serve and file in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $300,000 to the sum of $150,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff Fanny Condor so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The then 50-year-old plaintiff Fanny Condor suffered a tri-malleolar fracture of her right ankle as a result of slipping on snow and ice in a crosswalk on a roadway in Brooklyn. Contrary to the defendant's contention, the facts adduced at trial, which are to be considered in the aspect most favorable to the plaintiffs, establish that the plaintiffs made out a prima facie case of negligence (*see, Sagorsky v Malyon,* 307 NY 584, 586). The defendant's alternative argument that the verdict should be set aside as against the weight of the evidence is unpreserved for appellate review, as it is raised for the first time on appeal (*see, Singh v Eisen,* 260 AD2d 363). In any event, the jury's determination on the issue of liability is supported by a fair interpretation of the evidence and, thus, should not be disturbed on appeal (*see, Hershkowitz v Saint Michel,* 143 AD2d 809).

However, the award of $300,000 for future pain and suffering deviates materially from what would be reasonable compensation and should be reduced to the extent indicated (*see,* CPLR 5501 [c]; *see generally, Benain v New York City Tr. Auth.,* 277 AD2d 267; *Madrit v City of New York,* 210 AD2d 459). Prudenti, P.J., Santucci, Florio and Friedmann, JJ., concur.