■ BARBARA GRANT et al., Appellants, v CITY OF NEW YORK, Respondent. [772 NYS2d 39]—

Judgment, Supreme Court, Bronx County (Alexander Hunter, J.), entered on or about September 24, 2002, which, upon a jury

verdict, to the extent appealed from as limited by the briefs, awarded plaintiff Barbara Grant damages, after equal apportionment of liability between the parties, in the principal amount of $20,000, comprised of $5,000 for past lost earnings, $5,000 for past pain and suffering, and $10,000 for future pain and suffering over a five-year period, while awarding no damages to plaintiff Abraham Grant for loss of services and loss of society, unanimously modified, on the law and the facts, to vacate the awards for past and future pain and suffering and loss of services, and to direct a new trial on those claims, and otherwise affirmed, without costs, unless defendant, within 20 days of service of a copy of this order with notice of entry, stipulates to increase those awards (after apportionment) to $100,000 and $150,000 as reasonable compensation for Ms. Grant's past and future pain and suffering, respectively, and $10,000 for Mr. Grant's loss of services, and to the entry of an amended judgment in accordance therewith.

Barbara Grant slipped and fell on ice in a crosswalk, suffering a trimalleolar fracture and dislocation of her right ankle. As a result, she endured persistent pain and underwent two surgeries, including the insertion of a plate and screws, followed by months of physical therapy. Plaintiffs' board-certified orthopedist testified that Ms. Grant, who was 53 years old at the time of trial, would probably experience arthritic complications in the future, owing to cartilage damage in her ankle joint.

The jury's award for pain and suffering deviated materially from what is reasonable compensation under the circumstances (*see Condor v City of New York*, 292 AD2d 332 [2002], *lv denied* 98 NY2d 607 [2002]; *Yass v Liverman*, 233 AD2d 110 [1996]). The award of $5,000 (after apportionment of liability) for past lost earnings and zero for future lost earnings was reasonable, given the facts of this case and the lack of medical proof to show that Ms. Grant was physically incapable of working following her recuperation. Her claim for future lost earnings additionally lacks merit in light of her stated intention to retire at 50, in 1999. The trial took place in January 2002, some eight years after the accident.

Plaintiffs' unrefuted testimony established that at least during the first traumatic year after the accident, Mr. Grant took over all the household chores for this family with five children, and had to assist his wife with her personal needs. The jury's award of no damages on his claim for loss of services was thus unreasonable. On the other hand, the testimony was too vague to substantiate his claim for loss of society. Concur—Buckley, P.J., Sullivan, Williams and Gonzalez, JJ.