■ PJETER TUSHAJ et al., Appellants, v ELM MANAGEMENT ASSOCIATES, INC., Respondent. (And a Third-Party Action.) [782 NYS2d 706]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered September 18, 2003, which, in an action for personal injuries by a building superintendent against the building's management company ending in a verdict awarding preapportionment damages of, inter alia, $200,000 for past pain and suffering and $30,000 for future pain and suffering and apportioning liability 60% against plaintiff and 40% against defendant, granted plaintiff's motion to set aside the verdict to the extent of directing a new trial on the issue of future pain and suffering only unless defendant stipulated to increase the award therefor to $125,000, unanimously affirmed, without costs.

We reject plaintiff's claim that the jury's award was so low as to indicate that the verdict was an impermissible compromise. Plaintiff sustained a fractured hip when he fell off a makeshift scaffold that gave way because of a defective board (293 AD2d 44, 45 [2002]). While plaintiff told defendant about the defective boards he was using as scaffolds, and defendant had full authority to replace the boards (*id.*), it also appears, as the trial court emphasized (*see Nicastro v Park*, 113 AD2d 129, 136-137 [1985]), that plaintiff voluntarily used the boards even though he knew they were weak. Under the circumstances, it cannot be said that there is no fair interpretation of the evidence to support the 60-40 apportionment against plaintiff (*cf. Revill v Boston Post Rd. Dev. Corp.*, 293 AD2d 138 [2002], *appeal dismissed* 98 NY2d 725 [2002]). After he fell, plaintiff was taken to the hospital where he remained for 10 days and underwent open reduction and pinning with resulting scarring and leg shortening. The fracture healed well, and, after several months of convalescence and a lengthy course of physical therapy, plaintiff was able to compensate for the leg shortening with a shoe lift. Under the circumstances, the $30,000 jury award for future pain and suffering was not so "inexplicably low" as to make a compromise verdict " 'most likely' " (*Rivera v City of New York*, 253 AD2d 597, 600 [1998]). Nevertheless, as the trial court emphasized, the injury is significant and permanent. The award, as increased by the trial court, constitutes reasonable compensa-

tion (cf. *Kahl v MHZ Operating Corp.*, 270 AD2d 623 [2000]; *Orellano v 29 E. 37th St. Realty Corp.*, 4 AD3d 247 [2004]). We have considered plaintiff's other arguments and find them unavailing. Concur—Buckley, P.J., Nardelli, Andrias, Saxe and Lerner, JJ.