■ ANDRZEJ SIENICKI et al., Appellants-Respondents, v 760 WEST END AVENUE OWNERS, INC., Defendant, and RESTORE-IT, INC., Respondent-Appellant. (And a Third-Party Action.) 760 WEST END AVENUE OWNERS, INC., Second Third-Party Plaintiff, v PHOENIX BUILDING RESTORER, INC., Second Third-Party Defendant-Respondent. [803 NYS2d 567]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered September 24, 2004, which denied plaintiffs' motion to set aside the verdict on the issue of damages, denied defendant Restore-It's cross motion insofar as it sought to set aside the verdict as to liability and the loss of services award, and ordered a new trial on the issue of past medical expenses unless plaintiffs stipulated to reduce that award to $7,479, unanimously modified, on the facts, to vacate the awards for past and future pain and suffering and remand for a new trial on those damages only, unless, within 20 days of service of a copy of this order, with notice of entry, defendant Restore-It stipulates to increase the awards to $100,000 and $150,000, respectively, and otherwise affirmed, without costs.

The injured plaintiff fractured his ankle, tore some ligaments, underwent two operations, and faces the prospect of a third operation. As of the time of trial three years after the accident, he still suffered pain, walked with a limp, and had to use a cane. Formerly a construction worker who played soccer and beach volleyball in his spare time, he now stays home most of the time because he has to soak his leg in cold water and elevate it. Under the circumstances, the jury's awards of $25,000 for past pain and suffering and $25,000 for 10 years of future pain and suffering deviated materially from what is reasonable compensation (CPLR 5501 [c]; *cf. Grant v City of New York*, 4 AD3d 158 [2004]). However, they are "not so 'inexplicably low' as to make a compromise verdict 'most likely,' " and therefore require that a new trial be on liability as well as damages (*Tushaj v Elm Mgt. Assoc., Inc.*, 11 AD3d 259, 260 [2004]; *see also Figliomeni v Board of Educ. of City School Dist. of Syracuse*, 38 NY2d 178 [1975]). The $100,000 jury award for loss of services over 10 years does not deviate materially from what is reasonable compensation where plaintiff spouse has had to increase her work hours substantially to support the family and can no longer talk to her husband to find solutions for problems because he has become withdrawn (*cf. Schultz v Turner Constr. Co.*, 278 AD2d 76 [2000]). We have considered defendant

Restore-It's argument about past medical expenses and find it unavailing. Concur—Tom, J.P., Marlow, Ellerin, Sweeny and Catterson, JJ.