ONOFRIO LOPREIATO et al., Plaintiffs, and NICOLA LOPREIATO et al., Appellants, v GAVIN SCOTTI et al., Respondents. [954 NYS2d 895]—

"[A] jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Daniels v Simon*, 99 AD3d 658, 659 [2012]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]).

"Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Jean-Louis v City of New York*, 86 AD3d 628, 628-629 [2011]; see *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). " 'It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses' " (*Jean-Louis v City of New York*, 86 AD3d at 629, quoting *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Here, contrary to the contention of the plaintiffs Nicola Lopreiato and Vana Lopreiato (hereinafter together the appellants), the jury's determination that Nicola Lopreiato did not sustain an injury under the 90/180 day category of Insurance Law § 5102 (d) and, thus, that he did not sustain a serious injury within the meaning of that section, was not against the weight of the evidence.

The appellants' remaining contentions either are without merit or not properly before this Court. Angiolillo, J.P., Dickerson, Hall and Austin, JJ., concur.