■ MILAGROS HENRIQUEZ et al., Appellants, v MAXWELL ROVT et al., Respondents. [995 NYS2d 729]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Vaughan, J.), dated April 30, 2013, which, upon a jury verdict in favor of the defendants and against them, is in favor of the defendants and against them, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

To the extent that the plaintiffs challenge the legal sufficiency of the evidence, the issue is unpreserved for appellate review, since they failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence (*see Miller v Miller*, 68 NY2d 871, 873 [1986]).

Contrary to the plaintiffs' contention, the verdict in favor of the defendants on the issue of liability was not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]; *Crooks v E. Peters, LLC*, 103 AD3d 828 [2013]; *Nicastro v Park*, 113 AD2d 129, 134 [1985]). It is for the jury to make determinations as to the credibility of the witnesses, and great deference

in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses (see *Crooks v E. Peters, LLC*, 103 AD3d at 828; *Lopreiato v Scotti*, 101 AD3d 829 [2012]; *Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]). Based on the evidence adduced at trial, the verdict in favor of the defendants should not be disturbed. Mastro, J.P., Hall, Roman and Maltese, JJ., concur.