■ PATRICE E. SESSA, Appellant, v DONALD SEDDIO, Respondent. [17 NYS3d 319]—In an action to recover damages for personal injuries, the plaintiff appeals from (1) a judgment of the Supreme Court, Queens County (Golia, J.), entered May 14, 2013, which, upon a jury verdict, is in favor of the defendant and against her dismissing the complaint, and (2) an order of the same court, dated July 10, 2013, which denied her motion pursuant to CPLR 4404 (a) to set aside the verdict and for judgment as a matter of law or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the judgment and the order are affirmed, with one bill of costs.

To the extent that the plaintiff challenges the legal sufficiency of the evidence, the issue is unpreserved for appellate review, as she failed to move pursuant to CPLR 4401 for judgment as a matter of law at the close of the evidence (*see Henriquez v Rovt*, 122 AD3d 680 [2014]; *see also Miller v Miller*, 68 NY2d 871, 873 [1986]).

"[A] jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Lopreiato v Scotti*, 101 AD3d 829, 829 [2012] [internal quotation marks omitted]; *see Felicia v Boro Crescent Corp.*, 105 AD3d 697 [2013]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Lopreiato v Scotti*, 101 AD3d at 830 [internal quotation marks omitted]; *see Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]). Applying the above principles to the record before us, we find that the verdict in favor of the defendant on the issue of liability was not contrary to the weight of the evidence. Therefore, we affirm the judgment as well as the order denying the plaintiff's motion pursuant to CPLR 4404 to set aside the

verdict. Leventhal, J.P., Chambers, Austin and Miller, JJ., concur.