■ Lisa Russo, as Administratrix of the Estate of Edward Lauer, Deceased, Appellant, v Brian Mignola, M.D., Respondent, et al., Defendant. [38 NYS3d 209]—

■■■■■■■■■■■■■■■■■■■■■■■■■■■■■

In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Richmond County (Troia, J.), dated March 7, 2014, which denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant Brian Mignola on the issue of liability based on juror misconduct and as contrary to the weight of the

evidence to the extent that it found that his departure from accepted medical practice was not a substantial factor in causing injury to the decedent, and for a new trial.

Ordered that the order is affirmed, with costs.

On August 11, 2010, Edward Lauer (hereinafter the decedent) was taken by ambulance to Staten Island University Hospital (hereinafter SIUH) with complaints of abdominal pain, nausea, vomiting, and diarrhea. The decedent was admitted to the care of his private family practice physician, the defendant Brian Mignola. On August 17, 2010, the decedent was discharged from SIUH by Dr. Mignola with a diagnosis of gastroenteritis and instructions to follow up with him in one week. On August 21, 2010, the decedent presented to SIUH's emergency room with severe abdominal pain and distension. An exploratory laparotomy performed on August 23, 2010 revealed "small bowel mesenteric ischemia secondary to superior mesenteric artery thrombosis." An aorto-superior mesenteric artery bypass was attempted but failed, and a small bowel resection was performed. The decedent ultimately died on August 26, 2010.

The plaintiff, the decedent's daughter, as the administratrix of the decedent's estate, commenced this action against Dr. Mignola and SIUH to recover damages for medical malpractice. Specifically, the plaintiff alleged, inter alia, that during the decedent's admission to SIUH from August 11 to August 17, 2010, Dr. Mignola failed to properly diagnose and treat the decedent's mesenteric ischemia, and that he negligently discharged the decedent on August 17, 2010. Following a trial, the jury returned a verdict finding that Dr. Mignola did not depart from accepted medical practice by not diagnosing mesenteric ischemia during the decedent's admission to SIUH. The jury also found that Dr. Mignola departed from accepted medical practice in discharging the decedent from SIUH on August 17, 2010, but that such departure was not a substantial factor in causing injury to the decedent. The Supreme Court denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial. We affirm.

The conclusion by the jury that the departure from accepted medical practice by Dr. Mignola in discharging the decedent from SIUH on August 17, 2010, was not a substantial factor in causing injury to the decedent was not contrary to the weight of the evidence. " '[A] jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence' " (*Sessa v Seddio*, 132 AD3d 656,

656 [2015], quoting *Lopreiato v Scotti*, 101 AD3d 829, 829 [2012]; *see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Felicia v Boro Crescent Corp.*, 105 AD3d 697 [2013]). "Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors" (*Jean-Louis v City of New York*, 86 AD3d 628, 628-629 [2011]; *see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Lopreiato v Scotti*, 101 AD3d at 830 [internal quotation marks omitted]; *see Verizon N.Y., Inc. v Orange & Rockland Utils., Inc.*, 100 AD3d 983 [2012]). Given these considerations, and based on the evidence adduced at trial, including the conflicting opinions of expert witnesses, it cannot be said that the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d at 746).

The plaintiff failed to establish that allegations of juror irregularities warranted setting aside the verdict. "It has long been the law that, with narrow exceptions, jury verdicts may not be impeached by 'probes into the jury's deliberative process' " (*People v Davis*, 86 AD3d 59, 64 [2011], quoting *People v Maragh*, 94 NY2d 569, 573 [2000]; *see Alford v Sventek*, 53 NY2d 743, 744 [1981]; *Gabrielle G. v White Plains City Sch. Dist.*, 106 AD3d 776, 777 [2013]). Nevertheless, inquiry may be made into "improper influence" (*Taylor v Port Auth. of N.Y. & N.J.*, 202 AD2d 414, 415 [1994]). However, " '[i]t is not every irregularity in the conduct of jurors that requires a new trial' " and, instead, the " 'misconduct must be such as to prejudice a party in his substantial rights' " (*Wiener v Davidson*, 61 AD2d 1030, 1030 [1978], quoting *People v Dunbar Contr. Co.*, 215 NY 416, 426 [1915]; *see Alford v Sventek*, 53 NY2d at 744-745; *LaChapelle v McLoughlin*, 68 AD3d 824, 826 [2009]). Here, the allegations of juror misconduct did not rise to the level of improper influence or prejudice a party's substantial right (*see Alford v Sventek*, 53 NY2d at 744-745).

Accordingly, the Supreme Court properly denied the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of Dr. Mignola on the issue of liability and for a new trial. Mastro, J.P., Rivera, Sgroi and Maltese, JJ., concur.