■ RUTH FRANK, Respondent, v STEPHANIE GENGLER, Appellant. [56 NYS3d 260]—

In an action to recover damages for personal injuries, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Martin, J.), dated December 4, 2015, as, upon reargument, vacated the denial of that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and for judgment as a matter of law, and thereupon granted that branch of the plaintiff's motion.

Ordered that the order dated December 4, 2015, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination denying that branch of the plaintiff's motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant and for judgment as a matter of law is adhered to.

The plaintiff commenced this action to recover damages for personal injuries allegedly sustained by her in an accident involving a motor vehicle operated by the defendant. After a trial, the jury returned a unanimous verdict finding that the motor vehicle accident was not a substantial factor in causing the injuries allegedly sustained by the plaintiff. The plaintiff moved, inter alia, pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant and for judgment as a matter of law, which was denied by the Supreme Court.

The plaintiff thereafter moved for, inter alia, leave to reargue that branch of her prior motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant and for judgment as a matter of law. In the order appealed from, the Supreme Court, upon reargument, granted that branch of the plaintiff's motion. We reverse the order insofar as appealed from.

A motion pursuant to CPLR 4404 (a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Vittiglio v Gaurino*, 100 AD3d 987, 987-988 [2012]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant' " (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *see Leonard v New York City Tr. Auth.*, 90 AD3d 858, 859 [2011]).

Here, the Supreme Court erred in determining that the jury verdict in favor of the defendant was not supported by legally sufficient evidence. The evidence presented at trial included photographic evidence and witness testimony indicating the relatively minor nature of the motor vehicle accident, and expert testimony presented by the defendant indicating that the plaintiff's alleged injuries were solely the result of degenerative processes and were not caused by traumatic injury. Contrary to the court's conclusion, on the basis of the evidence presented at trial, there was a valid line of reasoning by which the jury could conclude that the motor vehicle accident was not a substantial factor in causing the injuries allegedly sustained by the plaintiff (see Wilson v Philie, 107 AD3d 700, 701 [2013]; Rubino v Scherrer, 68 AD3d 1090, 1092 [2009]; cf. Jilani v Palmer, 83 AD3d 786, 787 [2011]; see generally Imbrey v Prudential Ins. Co., 286 NY 434, 440 [1941]). Accordingly, the court, upon reargument, should have adhered to its prior denial of that branch of the plaintiff' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict in favor of the defendant and for judgment as a matter of law.

The plaintiff's contention that the appeal must be dismissed because the record on appeal does not enable this Court to render an informed decision on the merits of the legal issue presented on this limited appeal is without merit (cf. Nakyeoung Seoung v Vicuna, 38 AD3d 734, 735 [2007]). Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.