In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Kings County (Baily-Schiffman, J.), entered April 6, 2016, as, upon a jury verdict in favor of the defendant East Coast 6, LLC, and against him on the issue of liability, is in favor of the defendant East Coast 6, LLC, and against him dismissing the complaint insofar as asserted against the defendant East Coast 6, LLC.
 

 Ordered that the judgment is affirmed insofar as appealed from, with costs.
 

 The plaintiff allegedly tripped and fell at a construction site when he attempted to walk over an area of the floor that was covered in tarps and safety netting. He commenced this action against, among others, East Coast 6, LLC (hereinafter East Coast), the owner of the property where the accident allegedly occurred, to recover damages for violations of, among other things, Labor Law § 241 (6). At the trial, defense counsel impeached the plaintiff with inconsistent statements the plaintiff had made during a deposition. In addition, East Coast presented evidence indicating that the plaintiff did not report the accident until nearly two months after it occurred. Based on this evidence, East Coast argued to the jury that the plaintiff’s account of the accident should not be believed.
 

 The jury returned a verdict in favor of East Coast and against the plaintiff. The judgment appealed from was, among other things, in favor of East Coast and against the plaintiff dismissing the complaint insofar as asserted against East Coast. We affirm the judgment insofar as appealed from.
 

 To the extent that the plaintiff challenges the legal sufficiency of the evidence, the issue is unpreserved for appellate review, as he failed to move for judgment as a matter of law (see Sessa v Seddio, 132 AD3d 656, 656 [2015]; Henriquez v Rovt, 122 AD3d 680, 680 [2014]).
 

 “Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary balancing of many factors” (Nicastro v Park, 113 AD2d 129, 133 [1985]). “[A] jury verdict in favor of a defendant should not be set aside as contrary to the weight of the evidence unless the evidence preponderates so heavily in the plaintiff’s favor that the verdict could not have been reached on any fair interpretation of the evidence” (Daniels v Simon, 99 AD3d 658, 659 [2012]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Scarpulla v Williams, 147 AD3d 1101, 1102 [2017]; Russo v Mignola, 142 AD3d 1064, 1065-1066 [2016]; Felicia v Boro Crescent Corp., 105 AD3d 697, 698 [2013]; Lopreiato v Scotti, 101 AD3d 829, 829 [2012]).
 

 “It is for the jury to make determinations as to the credibility of the witnesses, and deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses” (Scarpulla v Williams, 147 AD3d at 1102; see Russo v Mignola, 142 AD3d at 1065-1066; Felicia v Boro Crescent Corp., 105 AD3d at 698; Lopreiato v Scotti, 101 AD3d at 829). Accordingly, “if the jury’s resolution of the controversy in favor of the defendant is grounded upon a fair interpretation of the evidence, ‘that finding should be sustained ... in the absence of some other reason for disturbing it in the interest of justice’ ” (Green v City of New York, 138 AD2d 676, 677 [1988], quoting Nicastro v Park, 113 AD2d at 134; cf. Imbrey v Prudential Ins. Co., 286 NY 434, 440 [1941]).
 

 Here, the jury was presented with valid reasons to doubt the plaintiff’s credibility, and to conclude that the accident either did not happen at all or that it did not happen in the way that the plaintiff claimed (see Daniels v Simon, 99 AD3d at 659). Under the circumstances, since it cannot be said that the evidence so preponderated in favor of the plaintiff that the verdict could not have been reached on any fair interpretation of the evidence, we decline to disturb it (see Lolik v Big V Supermarkets, 86 NY2d at 746; Scarpulla v Williams, 147 AD3d at 1102; Russo v Mignola, 142 AD3d at 1065-1066; Felicia v Boro Crescent Corp., 105 AD3d at 698; Lopreiato v Scotti, 101 AD3d at 829).
 

 The plaintiffs contention regarding the trial court’s charge to the jury is unpreserved for appellate review since the plaintiff did not object to the charge on the grounds now argued (see Abuzeed v Mile Sq. Transp., Inc., 119 AD3d 621, 622 [2014]; Donina v D.N.R. Group of Cos., Inc., 114 AD3d 720, 720 [2014]).
 

 Dillon, J.P., Roman, Miller and LaSalle, JJ., concur.