Anderson v McCartan (2018 NY Slip Op 06510)





Anderson v McCartan


2018 NY Slip Op 06510


Decided on October 3, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 3, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-02318
 (Index No. 701390/13)

[*1]Robert Anderson, appellant, 
v
Ann McCartan, respondent (and related third-party actions).


Kujawski & Kujawski, Deer Park, NY (Jennifer A. Spellman of counsel), for appellant.
Mendolia & Stenz (Russo & Tambasco, Melville, NY [Susan J. Mitola and Evan Przebowski], of counsel), for respondent.
Zachary W. Carter, Corporation Counsel, New York, NY (Pamela Seider Dolgow and Megan E. K. Montcalm of counsel), for second third-party defendants City of New York and New York City Police Department.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Phyllis Orlikoff Flug, J.), entered February 26, 2016. The judgment, insofar as appealed from, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
The plaintiff, a New York City detective, was injured while on duty when the unmarked police car in which he was a passenger collided with a vehicle driven by the defendant. The plaintiff subsequently commenced this action to recover for a line-of-duty injury (see generally General Municipal Law § 205-e). After a trial on the issue of liability, the jury found that the defendant was not negligent.
We agree with the Supreme Court's determination to deny the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence, since it cannot be said that the jury could not have reached its verdict on any fair interpretation of the evidence (see Stancati v Gunzburg, 159 AD3d 1011; Lopreiato v Scotti, 101 AD3d 829).
The plaintiff's remaining contentions are unpreserved for appellate review.
BALKIN, J.P., MILLER, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court