Bocanegra v Chest Realty Corp. (2019 NY Slip Op 01048)





Bocanegra v Chest Realty Corp.


2019 NY Slip Op 01048


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-00745
 (Index No. 14945/11)

[*1]Gladys Bocanegra, respondent, 
v
Chest Realty Corporation, appellant.


Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success, NY (Christopher Simone and Chistopher Theobolt of counsel), for appellant.
Gorayeb & Associates, P.C., New York, NY (Peter D. Suglia of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Harriet L. Thompson, J.), dated October 31, 2017. The order, insofar as appealed from, denied that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside a jury verdict in favor of the plaintiff on the issue of liability as based on legally insufficient evidence and for judgment as a matter of law.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action alleging a violation of Labor Law § 241(6) to recover damages for personal injuries she allegedly sustained in an accident that occurred while she was working as a licensed asbestos worker at a building owned by the defendant. The plaintiff was an employee of the defendant's contractor, Top Line Contracting, Inc. (hereinafter Top Line).
At a jury trial on the issue of liability, the plaintiff testified that on January 14, 2011, a "very, very cold" day, she was performing asbestos removal work on the roof of the building. At lunchtime, she went down a flight of stairs to the seventh floor, removed her asbestos suit and boots in the decontamination room, and, as she was proceeding to the nearby lunch area, slipped and fell on a patch of ice in the hallway. The plaintiff did not see the patch of ice prior to her fall. In his deposition testimony, read to the jury on the plaintiff's case, the foreman employed by Top Line stated that he did not witness the accident. He did, however, testify that he saw ice on the floor where the plaintiff slipped. According to the foreman, the plaintiff's accident did not occur in the hallway, but occurred in a different area on the seventh floor.
The jury rendered a verdict in favor of the plaintiff on the issue of liability. The defendant moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law or a new trial on the issue of liability. In the order appealed from, the Supreme Court granted that branch of the defendant's motion which was to set aside the jury verdict and for a new trial on the ground that the jury instructions were erroneous, and denied those branches of the motion which were to set aside the jury verdict as based on legally insufficient evidence and for judgment as a matter of law or to set aside the jury verdict as contrary to the weight of the evidence [*2]and for a new trial. The defendant appeals from so much of the order as denied that branch of its motion which was to set aside the jury verdict as based on legally insufficient evidence and for judgment in its favor as a matter of law.
We agree with the Supreme Court's determination denying that branch of the defendant's motion pursuant to CPLR 4404(a) which was to set aside the jury verdict as based on legally insufficient evidence and for judgment as a matter of law. There was a valid line of reasoning and permissible inferences which could have led a rational jury to conclude that the negligence of some party to, or participant in, the construction project caused the plaintiff's injuries (see Rizzuto v L.A. Wenger Contr. Co., Inc., 91 NY2d 343, 350; Frank v Gengler, 151 AD3d 696, 697). The jury could have credited the plaintiff's trial testimony that she slipped on a large patch of ice on the floor of a building that did not have heating on a cold January day, and therefore, rationally conclude that "someone within the chain of the construction project was negligent in not exercising reasonable care, or acting within a reasonable time, to prevent or remediate the hazard, and that plaintiff's slipping, falling and subsequent injury proximately resulted from such negligence" (Rizzuto v L.A. Wenger Contr. Co., 91 NY2d at 351).
LEVENTHAL, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court