Parchment v TJX Cos., Inc. (2019 NY Slip Op 03063)





Parchment v TJX Cos., Inc.


2019 NY Slip Op 03063


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2017-05029
 (Index No. 63529/12)

[*1]Dorothy Parchment, et al., appellants, The 
v
TJX Companies, Inc., respondent.


Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellants.
Cerussi & Spring, P.C., White Plains, NY (Thomas F. Cerussi and Christopher B. Roberta of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Orazio R. Bellantoni, J.), dated April 20, 2017. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiffs, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff Dorothy Parchment (hereinafter the injured plaintiff) allegedly sustained injuries when she slipped and fell on a puddle of water that was situated on the floor of a store owned and operated by the defendant. The injured plaintiff, and her spouse suing derivatively, commenced this personal injury action against the defendant. Following a trial, the jury found that the defendant was not negligent. The Supreme Court issued a judgment dated April 20, 2017, in favor of the defendant and against the plaintiffs, in effect, dismissing the complaint. The plaintiffs appeal from the judgment.
The plaintiffs' current contentions regarding the Supreme Court's charge to the jury with respect to PJI 2:91 are unpreserved for appellate review, since the plaintiffs did not object to the jury charge on the grounds now argued (see Thompson v East Coast 6, LLC, 153 AD3d 1296, 1298; Abuzeed v Mile Sq. Transp., Inc., 119 AD3d 621, 622).
The plaintiffs' challenge to certain testimony that the defendant elicited from the injured plaintiff on cross-examination is largely unpreserved for appellate review (see Volino v Long Is. R.R. Co., 83 AD3d 693, 694). To the extent the alleged error is preserved for our review, it does not warrant reversal.
SCHEINKMAN, P.J., LEVENTHAL, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court