Khaydarov v AK1 Group, Inc. (2019 NY Slip Op 04368)





Khaydarov v AK1 Group, Inc.


2019 NY Slip Op 04368


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX, JJ.


2017-10873
 (Index No. 20291/13)

[*1]Umed Khaydarov, appellant,
v
AK1 Group, Inc., et al., respondents.


Karasik Law Group, P.C., Brooklyn, NY (Alexander Karasik of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C. (Marjorie E. Bornes, Brooklyn, NY, of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated June 29, 2017. The order denied the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict in favor of the defendants on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict based on juror misconduct and as contrary to the weight of the evidence and for a new trial on the issue of liability.
ORDERED that the order is affirmed, with costs.
The plaintiff alleged that the vehicle he was operating was standing still in stop-and-go traffic when it was struck in the rear by a vehicle operated by the defendant Ravil M. Yafizov (hereinafter the defendant driver). The plaintiff commenced this action against the defendant driver and his employer, the defendant AK1 Group, Inc., to recover damages for personal injuries he allegedly sustained as a result of the defendants' negligence. After a trial on the issue of liability, at which the defendant driver testified that the plaintiff had come to an abrupt stop, which resulted in his inability to avoid hitting the plaintiff's vehicle, the jury found that the defendants were not negligent.
By notice of motion, the plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as not supported by legally sufficient evidence and for judgment as a matter of law or, in the alternative, to set aside the jury verdict based on juror misconduct and as contrary to the weight of the evidence and for a new trial on the issue of liability. The Supreme Court denied the motion. The plaintiff appeals.
Pursuant to CPLR 4404(a), "the court may set aside a verdict or any judgment entered thereon and direct that judgment be entered in favor of a party entitled to judgment as a matter of law or it may order a new trial of a cause of action or separable issue where the verdict is contrary to the weight of the evidence, in the interest of justice or where the jury cannot agree after being kept together for as long as is deemed reasonable by the court."
"A motion pursuant to CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law will be granted where there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial" (Barril v McClure, 163 AD3d 752, 752-753 [internal quotation marks omitted]; see Peterson v MTA, 155 AD3d 795, 797; Frank v Gengler, 151 AD3d 696, 697). "In considering such a motion, the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant" (Barril v McClure, 163 AD3d at 753 [internal quotation marks omitted]; see Peterson v MTA, 155 AD3d at 797; Frank v Gengler, 151 AD3d at 697). When a jury's verdict can be reconciled with a reasonable view of the evidence, the prevailing party at trial is entitled to the presumption that the jury adopted that view (see Sela v Katz, 165 AD3d 1191, 1192). " Issues of credibility are for the jury, which had the opportunity to observe the witnesses and the evidence,'" and its credibility determination is entitled to deference (Aronov v Kanarek, 166 AD3d 574, 575, quoting Cicola v County of Suffolk, 120 AD3d 1379, 1382). Here, contrary to the plaintiff's contention, the evidence presented at trial, viewed in the light most favorable to the defendants, provided a rational basis upon which the jury could have found that the defendant driver was not negligent in the operation of his vehicle (see Frank v Gengler, 151 AD3d at 697).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Sokolik v Pateman, 114 AD3d 839, 840; Williams v City of New York, 71 AD3d 1135, 1137). Contrary to the plaintiff's contention, the verdict for the defendant driver was not contrary to the weight of the evidence because a fair interpretation of the evidence supports the jury verdict (see Cohen v Hallmark Cards, 45 NY2d 493, 499; see also Noghrey v Town of Brookhaven, 168 AD3d 961).
In addition, the plaintiff's argument with respect to alleged juror misconduct is unavailing. "It has long been the law that, with narrow exceptions, jury verdicts may not be impeached by probes into the jury's deliberative process" (Russo v Mignola, 142 AD3d 1064, 1066 [internal quotation marks omitted]; see Gabrielle G. v White Plains City Sch. Dist., 106 AD3d 776, 777). While an inquiry may be made into improper influence, not every irregularity in the conduct of jurors requires a new trial (see Russo v Mignola, 142 AD3d at 1066; Gabrielle G. v White Plains City Sch. Dist., 106 AD3d at 777). A new trial will only be required if the misconduct prejudiced a substantial right of a party (see Russo v Mignola, 142 AD3d at 1066; Gabrielle G. v White Plains City Sch. Dist., 106 AD3d at 777). Here, the hearsay statement of a juror, relayed in an affirmation of an attorney, could not be used to impeach the verdict (see People v De Lucia, 15 NY2d 294, 296). In any event, the alleged conduct did not rise to the level of improper influence or prejudice a party's substantial right (see Russo v Mignola, 142 AD3d at 1066; Gabrielle G. v White Plains City Sch. Dist., 106 AD3d at 777).
SCHEINKMAN, P.J., BALKIN, MILLER and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court